UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AGYEI JUMAANE MCDANIEL,

    Petitioner,

v.

RONALD HAYNES,

    Respondent.

CASE NO. 3:18-cv-05023-RBL-JRC

ORDER DENYING MOTION FOR APPOINTED COUNSEL

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner Agyei Jumaane McDaniel filed the petition pursuant to 28 U.S.C. § 2254. He has now requested that the Court grant him appointed counsel. However, petitioner has not yet demonstrated the exceptional circumstances necessary to justify the appointment of counsel. Therefore, the Court denies petitioner's motion without prejudice. He may request an attorney at a later date if and when he can demonstrate the necessary exceptional circumstances.

**BACKGROUND**

Petitioner originally filed his habeas petition in January of 2018. Dkt. 1. He alleges that his 14th Amendment protections were violated when he was charged with second degree murder instead of manslaughter, that he was not permitted to present a complete defense, and that he received ineffective assistance of counsel both when trial counsel did not request a lesser-included charge instruction and when trial counsel failed to object to allegedly impermissible propensity evidence. Dkts. 5, 6. The Court directed the Clerk to serve the petition (Dkt. 7) and respondent entered notice of appearance (Dkt. 9, 10). Respondent has not yet filed a response to the petition and the deadline for filing a response has not yet passed.

**DISCUSSION**

Petitioner requests that the Court appoint counsel for him because he is indigent and his family has attempted, without success, to secure pro bono counsel. In habeas proceedings, there is no constitutional right to appointment of counsel because the proceeding is civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Here, plaintiff has not yet demonstrated the exceptional circumstances required for the Court to appoint counsel. It is still very early in petitioner's habeas proceeding. Respondent has not yet filed a response to petitioner's habeas petition, and the deadline for filing a response has

not yet passed. Because it is so early, the Court cannot yet determine the likelihood of petitioner's success. Further, petitioner has thus far effectively articulated his claims. Therefore, the Court denies petitioner's motion without prejudice.

**CONCLUSION**

For the reasons stated above, the Court denies petitioner's motion for appointment of counsel (Dkt. 8) without prejudice. Petitioner may request appointed counsel at a later date if and when petitioner can demonstrate the exceptional circumstances necessary for the Court to grant his request.

Dated this 2nd day of April, 2018.

J. Richard Creatura
United States Magistrate Judge